**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA      ) | |
| ) | |
| v.      ) | CRIMINAL NO. 2:21-CR-130 |
| ) | |
| TRAVIS JAMES MUCKELROY,      ) | |
| ) | |
| Defendant.      ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

The United States of America, represented by Jessica D. Aber, United States Attorney, and Matthew J. Heck, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. §3553(a). The government has no objection to the content of the Presentence Investigation Report (PSR). According to the PSR, the correct advisory calculation under the United States Sentencing Guidelines (U.S.S.G., or "Guidelines) is 324-405 months of imprisonment, and up to a lifetime of supervised release.

The offense for which Muckelroy is currently awaiting sentencing is the culmination of four to five years of criminal conduct. Throughout that time, Muckelroy developed and refined a striking ability to locate and exploit minors on various social media applications. Given the instant offense conduct and Muckelroy's history, the Court's paramount concern should be the protection of the public from Muckelroy's sexual predations. Therefore, based on the nature of the offense, the defendant's characteristics, the United States respectfully requests that the court impose a sentence of 360 months incarceration and a lifetime of supervised release. This is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. §3553(a).

## II. MOTION FOR ACCEPTANCE OF RESPONSIBILITY

Because of the defendant's timely plea, a motion to reduce the offense level an additional one point under U.S.S.G. § 3E1.1 is appropriate as has been done in this case. The government represents to the Court that this defendant has complied with *all* aspects of his plea agreement in all respects and fully to date.

## III. PROCEDURAL BACKGROUND

On October 14, 2021, the defendant, Travis James Muckelroy, was arrested via a criminal complaint. ECF No. 3. On October 14, 2021, Muckelroy made his initial appearance and was temporarily detained. ECF No. 7. Muckelroy was detained at his detention hearing and has remained in custody since. ECF No. 15. On November 3, 2021, a Grand Jury seated in the Eastern District of Virginia charged Muckelroy with the production of visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a), coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), receipt and distribution of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. 2252(a)(2), and possession of images depicting minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 16. On February 2, 2022, pursuant to a plea agreement, Muckelroy pled guilty to Count 2 of the indictment charging with him coercion and enticement of a minor, in violation of 18 U.S.C. 2422(b).

## III.  FACTUAL BACKGROUND

On August 17, 2021, a National Center for Missing and Exploited Children (NCMEC) cyber tip was assigned to a Special Agent with the Naval Criminal Investigative Service (NCIS). The cyber tip documented a report from Snapchat Inc., which advised that Snapchat user

"darkshadowedday" uploaded four images of suspected child pornography on or about May 16-17, 2021. PSR ¶ 9.1.  Two days later on August 19, 2021, NCIS discovered a second NCMEC cyber tip, associated with Muckelroy.  PSR ¶ 9.6.  This cyber tip documented that the Dropbox account associated with "muckelroyt@XXXXX.com" contained multiple videos of suspected child pornography. *Id*.  After learning of these cyber tips law enforcement obtained and served federal search warrants on both accounts. PSR ¶ 9.8 and 9.12.  When law enforcement reviewed the search warrant returns from Dropbox and Snapchat, Inc., both accounts contained files of child pornography. PSR ¶ 9.8 and 9.13.

In addition to files of child pornography, the "darkshadowedday" Snapchat account contained conversations wherein the defendant would send and receive images depicting minors engaging in sexually explicit conduct, as well as communications with suspected minors.  PSR ¶ 9.  Muckelroy utilized this account to communicate with Jane Doe 2.  *Id*.

On October 14, 2021, the defendant was arrested pursuant to a federal arrest warrant. After being advised of his Miranda rights, Muckelroy agreed to speak with law enforcement. During his interview, Muckelroy admitted that the Snapchat account "darkshadowedday" was his and that he used it to communicate with minors and send/receive child pornography.  PSR ¶ 15. During his interview, Muckelroy informed law enforcement that he had a new Snapchat account "outcast_misfit" which he now used to communicate with minors and send/receive images of child pornography.

Muckelroy advised law enforcement that he used the Snapchat account "outcast_misfit" to communicate with Jane Doe 1, who he believed to be a 14-year-old girl.  PSR ¶ 16.

3

Muckelroy identified a video that Jane Doe 1 sent him depicting a girl masturbating with a toothbrush. *Id*.

On October 18, 2021, law enforcement interviewed Jane Doe 1, a 13-year-old girl. Jane Doe 1 confirmed that she communicated with Muckelroy and identified herself as the girl in the video that Muckelroy stated he received from her. PSR ¶ 9.18.

Conversations between Jane Doe 1 and Muckelroy were recovered from law enforcement. From on or about September 27, 2021, to on or about October 7, 2021, the defendant communicated with Jane Doe 1 via his Snapchat account. PSR ¶ 9.20. Below is a portion of the conversation from the conversation between Muckelroy and Jane Doe 1:

> MUCKELROY: Can I see you finger?
> Jane Doe 1: oh yeah it has hair on it
> MUCKELROY: I'm ok with that
> Jane Doe 1: Would you have sex with me. Hehe. Pp.
> MUCKELROY: Yes
> Jane Doe 1: hehe. Really?
> MUCKELROY: Yea. Can I see you finger?

*Id*. Later in the conversation, on or about September 27, 2021, Muckelroy stated, "can you do it again and then show me your boobs too. You made my pp so hard for you." In response Jane Doe 1 sent the video depicting her inserting a yellow toothbrush into her vagina. PSR ¶ 9.21.

NCIS later identified the Snapchat user "Katie_XXXX4291" as Jane Doe 2, a 12-year-old girl. PSR ¶ 23. Jane Doe 2 was located and forensically interviewed. *Id*. Jane Doe 2 stated that she sent Muckelroy a picture of her vagina after Muckelroy asked her for a video of her fingering herself. *Id*.

## IV. STANDARDS GOVERNING SENTENCING

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 S. Ct. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272 at *1 (4th Cir. 2008) (citing *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

## IV. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A. Seriousness of the Offense

The nature and circumstances of the current offense are egregious. In short, Muckelroy sexually exploited and coerced two minor victims: Jane Doe 1 and Jane Doe 2. In each case, Muckelroy chatted with the minors using the internet application Snapchat. In his conversations with the Victims, he very quickly began discussing sexual topics and asked for naked photographs or videos of the Victims to include images of them performing sexual acts. The Victims did in fact send Muckelroy images of child pornography.

More specifically, Muckelroy asked Jane Doe1 if he could see her "finger" herself. PSR ¶ 9.20 and 15. Jane Doe 1 was a 13-year-old girl at the time of these chats. PSR ¶ 18. Disturbingly, Muckelroy first requested to see Jane Doe 1 finger herself after she disclosed, she was raped when she was 9 years old, below is a portion of that conversation:

> Muckelroy: Virgin
> Jane Doe 1: No I was raped at 9
> Muckelroy: Oh I'm sorry to heart that
> Jane Doe 1: it's ok do you care?

6

Muckelroy: Id still like to spend some alone time with you Can I see you finger?  PSR ¶ 15.  Ultimately, Jane Doe 1 sent Muckelroy a video of herself masturbating with a toothbrush.  Of further concern, Muckelroy asked Jane Doe 1 if she would have sex with him and if he could spend time with her alone.  PSR ¶ 15.

Similarly, Jane Doe 2 communicated with Muckelroy on Snapchat.  At the time of their conversation Jane Doe 2 was a 12-year-old girl.  PSR ¶ 9.23.  During their conversation, Muckelroy sent Jane Doe 2 pictures of his penis and repeatedly requested nude pictures of her multiple times a week.  PSR ¶ 13.  Jane Doe 2 complied with the defendant's requests.  *Id*.  Muckelroy attempted to deceive Jane Doe 2 and posed as a 13-year-old male in his conversations with her.  *Id*.  Even sending Jane Doe 2 an image of "himself" that she recognized from Pinterest.  *Id*.  Like his conversations with Jane Doe 1, Muckelroy asked Jane Doe 2 when she would be alone and told her that he "could come over and we could fuck."  *Id*.  When Jane Doe 2 would not send the defendant the images he wanted, he threatened to come to Jane Doe 2's home.  *Id*.  Even sending her a picture of her house.  *Id*.  This scared Jane Doe 2, and she ultimately blocked the defendant from Snapchat.  *Id*.

The defendant's actions have inflicted trauma on his victims.  The government anticipates that Jane Doe 2 and her mother will be submitting statement to court by the sentencing date detailing such their trauma.

The defendant engaged in a repeated pattern of sexual abuse and exploitation.  This was not a one-time act or a singular lapse in judgment; rather, it was the repeated sexual abuse of multiple impressionable and vulnerable minors that involved substantial effort.  Muckelroy not only sexually abused and coerced these girls, but he also produced images to memorialize the

abuse. The Victims will have to live with the knowledge that the abuse was recorded. A sentence of 360 months incarceration properly accounts for the trauma that the defendant inflicted.

      **B.**       **History and Characteristics of the Defendant**

The defendant is a 27-year-old man, who at the time of the instant offense was an active-duty member of the United States Navy. In assessing the defendant's history and characteristics there is nothing in his background that mitigates the his conduct in this case. The defendant has virtually no criminal record and has no history of mental illness. PSR ¶ 61 and 82.

The defendant's childhood was marked with some instability. His parents divorced when he was one years old. PSR ¶ 66. While with his father, who suffers from bi-polar disorder, the defendant witnessed mood swings and anger outbursts. PSR ¶ 68. However, Muckelroy noted that his father's outbursts were never directed toward him. *Id*. Overall, Muckelroy described his childhood as "normal." PSR ¶ 69.

In August of 2019, Muckelroy enlisted in the United States Navy. PSR ¶ 75. While stationed in Pensacola, Florida, there was a shooting on the base. *Id*. Three Naval Officers were killed in the shooting. *Id*. In June of 2020, the Muckelroy reported to the USS Gerald R. Ford, which was stationed in Newport News, Virginia. PSR ¶ 77. Muckelroy anticipates that he will be separated from the United States Navy due to the instant offense. PSR ¶ 87.

After graduating high school in 2013 until his enlistment in the United States Navy in 2019, the defendant worked sparingly. PSR ¶ 88-96. During that time the defendant experienced lengthy periods of unemployment. *Id*. The defendant does have a high school

diploma and received some vocational training as it related to his job in the United States Navy. PSR ¶ 84-85.

      C.      **Need to Deter Future Criminal Conduct and Protection of Society**

Muckelroy's conduct is grave and serious. As noted previously, his actions are not an isolated incident, but rather a persistent, intentional desire to sexually abuse and exploit minors. This is aggravated by the defendant's deep seeded sexual interest in children. If the defendant can be deterred from child sexual abuse, the best means of deterrence is a lengthy sentence of incarceration before he re-enters society. A sentence of 360 months incarceration sends a strong message of deterrence to the both the defendant and other similarly situated defendants.

The defendant's deep seeded sexual interest is evidenced by the fact he engaged in this behavior for years and that his electronic devices contained hundreds files of child pornography and. PSR ¶ 11. The cellular phone seized from Muckelroy upon his arrest contained 70 pictures and 23 movies of child pornography. PSR ¶ 19. In addition, a forensic examination of the phone revealed Muckelroy used the social media applications Wickr, Kik, and Snapchat to send and receive images of child pornography. *Id*. During the search of Muckelroy's residence the other devices seized by law enforcement contained 493 image files and one (1) video file of child pornography. Attachment 1 (*Results of Digital Forensic Examination*).

The search of Muckelroy's social media accounts revealed that he was engaging in communications with other suspected minors. For example, during a conversation on Snapchat Muckelroy asked a suspected 14-year-old minor if she had "any toys that [she] can put in her pussy?" PSR ¶ 56. During the messaging Muckelroy asked her for pictures of her "sweet little pussy" to which the suspected minor responded with unknown photos. *Id*. In another

9

conversation with a suspected 15-year-old minor the defendant asked what she would say if he sent her picture of his "cock." Attachment 2 (*Conversation Recovered from Defendant's Cellular Phone*).  In speaking with this same suspected minor, Muckelroy asked if she was a "virgin" and if she "even sent nudes."   To be clear Jane Doe 1 and Jane Doe 2 were the only minors that law enforcement identified as minor during their investigation.  *Id*.

The internet only heightened the danger that Muckelroy presents to the community. Today access to the internet is ubiquitous and many children have access through a smartphone. This makes an individual like Muckelroy very dangerous as he utilized the internet to sexually exploit children.  Through various social media applications, he communicated with and received sexually explicit images from minors.  Nor was his conduct restricted to the internet, in a conversation with one Kik user Muckelroy stated that he had sex with a 14-year-old girl. Attachment 3 (*Excerpt from the Forensic Examination of Muckelroy's phone*).  A sentence of 360 months incarceration will properly deny him access to minor children and a lifetime of supervised release will ensure the community's safety when he is released.

     **D.**     **Need to Avoid Unwanted Sentencing Disparities**

A sentence of 360 months incarceration avoids unwanted sentencing disparities.  The mandatory minimum sentence for coercion and enticement of a minor is 10 years' imprisonment. A 360-month sentence would also comport with other recent cases decided in the Norfolk Division of the Eastern District of Virginia.

In *United States v. Petitt*, 2:20-cr-16, the defendant was sentenced to 264 months incarceration and a lifetime of supervised release.  In that case, the defendant attempted to meet

with an undercover agent posing as a 14-year-old girl and produced child pornography of Jane Doe, a five-year old female minor.

In *United States v. Zawadzki*, 2:19-cr-169, the defendant was sentenced to 180 months incarceration and supervised release for 20 years. In that case, the defendant produced images of an eight-year-old girl's vagina while she was asleep on three occasions.

### E.     The Need to Provide Treatment to the Defendant

The defendant has an unhealthy criminal obsession with the sexual abuse of children. The United States respectfully requests that the Court recommend that the Bureau of Prisons (BOP) provide the defendant with whatever mental health services and sex offender treatment that are available.

### V.  CONCLUSION

The government agrees that the PSR's Guidelines calculations are correct. For the reasons stated above, the government asks the Court to impose a sentence of 360 months incarceration coupled with a lifetime of supervised release.

Respectfully submitted,

Jessica D. Aber
UNITED STATES ATTORNEY

By:     /s/
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of June 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Keith Kimball
Cristina M. Becker
150 Boush Street
Suite 403
Norfolk, Virginia 23510
(757) 457-0800

I further certify that on this 2nd day of June 2022, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Shannon E. Gerard
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510
(757) 457-0800

                                                   **/s/**
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov