IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:21cr130 |
| | ) | |
| TRAVIS JAMES MUCKELROY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Motion to Continue Restitution Hearing</u>**

The United States of America, through the undersigned counsel, seeks an order from the Court continuing the restitution hearing in this care for a period of 90-days from sentencing. § 3161(b). This extension of time is being sought pursuant to 18 U.S.C. § 3664(d)(5). In support thereof, the United States provides as follows:

1. On October 14, 2021, the defendant, Travis James Muckelroy, was arrested via a criminal complaint. ECF No. 3. On October 14, 2021, Muckelroy made his initial appearance and was temporarily detained. ECF No. 7. Muckelroy was detained at his detention hearing and has remained in custody since. ECF No. 15. On November 3, 2021, a Grand Jury seated in the Eastern District of Virginia charged Muckelroy with the production of visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a), coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), receipt and distribution of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. 2252(a)(2), and possession of images depicting minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 16. On February 2, 2022, pursuant to a plea agreement,

1

Muckelroy pled guilty to Count 2 of the indictment charging with him coercion and enticement of a minor, in violation of 18 U.S.C. 2422(b).

5.  During the investigation law enforcement discovered that Muckelroy communicated with a suspected minor via Snapchat.

5.  In December of 2021, law enforcement identified Jane Doe 2 as the user of that account.

6.  Jane Doe 2's family informed the Government that they intended to submit a restitution request on behalf of Jane Doe 2.  The Government has not yet received that request.

7.  Despite diligent investigation, the United States has been unable to fully determine the victims' losses prior to the filing of its position paper.  Accordingly, the United States moves pursuant to 18 U.S.C. § 3664(d)(5) for deferral of the imposition of a restitution order until such time as the victims' losses have been conclusively determined.[1] Section 3664(d)(5) specifically provides for such a scenario, allowing for the bifurcation of restitution and all other sentencing issues and the scheduling of a separate restitution hearing within 90 days of sentencing.  The 90-day window is not an affirmative grant of rights to a defendant and instead exists to ensure finality for the victims.  *See Dolan v. United States*, 130 S.Ct. 2533, 2540 (2010) (holding that the speedy determination of restitution is designed to help victims secure prompt restitution rather to provide defendants with certainty as to restitution).  In order to guarantee that the victims' rights are fully addressed, the United States requests that the Court schedule a separate restitution hearing.

8.  As noted by the Court at sentencing, restitution is mandatory in this case pursuant to 18 U.S.C. §3663A.  Section 3663A restitution is "issued and enforced in accordance with

Section 3664," 18 U.S.C. § 3663A(d), which requires a sentencing court to "order restitution in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)A). In order to assist the court in making this determination, the government is required to submit loss information to the probation officer, so that it may be included in the Presentence Investigation Report. 18 U.S.C. § 3664 (d)(1). When the victim's losses are not fully known prior to sentencing, the court must set a hearing within 90 days after sentencing at which restitution will be resolved. 18 U.S.C. § 3664(d)(5). Consequently, "the government generally has within 90 days after sentencing to ascertain the amount of victims' losses." *United States v. Pileggi*, 703 F.3d 675, 682 (4th Cir. 2013).

9. The overarching purpose of Section 3664 is "to ensure that victims of crime receive full restitution." *Dolan v. United States*, 560 U.S. 605, 612 (2010). The 90-day directive is consistent with this goal. In Dolan, the Supreme Court determined that the statute's "effort[] to secure speedy determination of restitution is *primarily* designed to help victims of crime secure prompt restitution rather than provide defendants with certainty as to the amount of their liability." *Id.* at 613. Construing the 90 days so as to limit the victim's ability to recover statutorily mandated restitution would subvert the statute's principal objective. *See id.* at 613-3 ("to read the statute as depriving the sentencing court of the power to order restitution would harm those—the victims of crime—who likely bear no responsibility for the deadline's being missed and whom the statute also seeks to benefit"). Noting that failure to comply with this 90-day directive carries with it no statutory consequences, the Supreme Court held that when, as here, a defendant is aware of the existence of mandatory restitution and the court's intention to address it at a later date, exceeding the 90-day period does not deprive the court of jurisdiction to order mandatory restitution. *See id.*

3

at 615 (where a defendant knows that restitution is mandatory prior to the expiration of the 90-day period, missing the statutory hearing date does not invalidate the hearing).

10. For these reasons, the United States respectfully requests that in order to ensure the Victims of crime receive full restitution, and that failure to grant such a continuance would deprive the Victims in this case ability to do so. An extension serves the factors under § 18 U.S.C. § 3664(d)(5) and is justified under the circumstances of this case.

9. The United States has advised defense counsel of the filing of this motion and defense counsel does not object to this motion.

WHEREFORE, the United States requests that a separate sentencing hearing be set on September 7, 2022, 90-days from the defendant's sentencing hearing. A proposed order is attached to this Motion.

Respectfully submitted,

Jessica D. Aber
UNITED STATES ATTORNEY

By: _____/s/_____
Matthew J. Heck
Assistant United States Attorney
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, VA 23510
Office Number: (757) 441-6331
E-mail Address: matthew.heck@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                  /s/
                                  Matthew J. Heck
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  World Trade Center, Suite 8000
                                  101 W. Main Street
                                  Norfolk, VA 23510
                                  Office Number: (757) 441-6331
                                  E-mail Address: matthew.heck@usdoj.gov